UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR-EL, | No. 2:15-cv-1448 GEB AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff has filed a putative civil rights action pursuant to 42 U.S.C. § 1983, together with an incomplete request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although plaintiff commenced this action while incarcerated at California State Prison Corcoran, it appears that plaintiff is no longer housed under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

---

[1] Review of the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR) indicates that plaintiff is no longer incarcerated under the authority of the CDCR. See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The instant complaint, filed July 7, 2015, generally challenges same-sex marriage, and names as defendants the United States Supreme Court, Chief Justice Roberts, and others. The court finds plaintiff's complaint patently frivolous, see Obergefell v. Hodges, 135 S. Ct. 2584 (June 26, 2015), and therefore recommends dismissal of this action with prejudice.[2]

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 23, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the complaint is frivolous, the court will not accord plaintiff the opportunity to remedy the deficiencies in his application to proceed in forma pauperis, specifically, the certificate portion of the application was not completed by plaintiff's institution of incarceration, and plaintiff did not submit a certified copy of his prison trust account statement for the six month period preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).